United States District Court
District of Massachusetts

| | |
|---|---|
| TRANSPORTATION & STORAGE SOLUTIONS INC., ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KLT INDUSTRIES, INC., ) <br> Defendant ) <br> ) <br> ) | **CIVIL ACTION** <br> **No. 13-40137-TSH** |

**MEMORANDUM OF DECISION AND ORDER ON
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**
October 17, 2014

**HILLMAN, District Judge**

### Background

Plaintiff, Transportation & Storage Solutions Inc. ("TSS") has filed a Complaint against defendant, KLT Industries Inc. ("KLT"), alleging that KLT failed to tender payment on a lease agreement and owes the Plaintiff the sum of $123,257, pursuant to 28 U.S.C. § 1332. KLT filed a motion to dismiss for lack of subject matter jurisdiction, arguing that the parties lack complete diversity. For the following reasons, the motion to dismiss is granted.

### Facts

Plaintiff TSS is incorporated in Massachusetts with a principal place of business located in Shrewsbury, Massachusetts. Defendant KLT is a corporation involved in the waste removal and recycling business for cardboard products, providing services throughout the Northeast. More specifically, Defendant's business includes off the ground bale pick-up service, waste hauling, and financing and installing baling and recycling equipment. Plaintiff alleges that

Defendant owes $123,257.03 for the leasing of storage trailers used by Defendant in its cardboard, paper and plastic recycling operations. Defendant received Plaintiff's demand for payment by certified mail on March 29, 2013, but has not tendered payment to this date.

According to public records on the website of the Office of the Secretary of State of Connecticut, Defendant is incorporated in the state of Rhode Island. The Secretary of State's website also lists Defendant's business address as 63 Industrial Park Road, in Putnam, Connecticut, and the President of KLT, Kyle L. Trayner ("Trayner") as Defendant's principal, the designated agent of the company. Defendant acknowledges that an office was once located in Putnam, Connecticut, but asserts that this office was vacated on or around October 30, 2012. Since November of 2012, Trayner primarily directed, controlled, and coordinated almost all of Defendant's corporate activities at offices within Massachusetts. Prior to this, Defendant held offices at 3 Nemco Way, in Ayer, Massachusetts, but vacated this location on November 1, 2013 to move an office located in Marlborough, Massachusetts. Trayner and other corporate officers oversee Defendant's corporate activities from this new location. These officers, who assist in the company's executive management, include Defendant's Controller, Executive Project Manager, and Vice President of Sales. Since November of 2012, all of Defendant's records have been stored offices within Massachusetts. Furthermore, all of Defendant's financial transactions – payments to and from Defendant – have gone through offices in Massachusetts since this same date.

Plaintiff's Complaint invokes diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332, asserting that Plaintiff is a Massachusetts corporation with a principal place of business in Massachusetts, and that Defendant is a Rhode Island corporation with a principal place of business in Connecticut. Defendant asserts that diversity jurisdiction (and thus subject matter

jurisdiction) is lacking here because both parties are citizens of Massachusetts, which destroys complete diversity. Thus, Defendant moves to dismiss this action based on lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1).

### Discussion

*Standard of Review*

Federal courts are courts of limited jurisdiction, possessing authority to only hear cases that: 1) fall within Article III of the Constitution, or 2) are granted by explicit Congressional authority. *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998). Once a defendant challenges a court's subject matter jurisdiction through a 12(b)(1) motion to dismiss, the burden shifts to the plaintiff to establish a foundation for jurisdiction by a preponderance of the evidence. *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008); *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). Dismissal is proper when "[a] court lacks jurisdiction over the claims or the parties." *Overton v. Torruella et al.*, 183 F. Supp. 2d 295, 303 (D. Mass. 2001). In ruling on a Rule 12(b)(1) motion, a court's consideration is not limited to the well pleaded facts in the complaint as it "may consider whatever evidence has been submitted, such as depositions and exhibits." *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011) (quoting *Aversa*, 99 F.3d at 1209-10).

Considerations of 12(b)(1) motions to dismiss require a court to first determine whether a jurisdictional challenge is facial or factual. *Strahan v. Roughead*, 910 F. Supp. 2d 358, 364 (D. Mass. 2012). When motions to dismiss for lack of subject matter jurisdiction involve factual inquiries, a court must consider whether such facts "also implicate elements of the plaintiff's cause of action," and if so, the court should apply the standard for summary judgment. *Torres-Negron v. J & N Records, LLC,* 504 F.3d 151, 162-63 (1st Cir. 2007). However, when facts

required for the jurisdictional issue and facts regarding the merits are not intermingled, the court is empowered to consider whether jurisdiction is proper based on a review of the evidence. *Id.* at 163 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

*Diversity Jurisdiction*

28 U.S.C. § 1332 provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -- citizens of different states." 28 U.S.C. § 1332(a)(1); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Rodriguez v. S K & F Co.*, 833 F.2d 8, 9 (1st Cir. 1987). The burden of persuasion for establishing diversity jurisdiction is on the party asserting it as a basis for jurisdiction. *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, (1994).

Diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants, requiring that the state of citizenship for each plaintiff must be different from that of each defendant. *See Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, (1978); *Am. Fiber & Fin., Inc. v. Tyco Healthcare Group, L.P.*, 362 F.3d 136, 139 (1st Cir. 2004). "Citizenship is determined as of the date of commencement of an action and, therefore, in cases premised on diversity, jurisdiction 'depends upon the state of things at the time of the action brought.'" *ConnectU LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

"The phrase 'principal place of business' in 28 U.S.C.S § 1332(c)(1) refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's

4

activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Courts consider the "principal place of business" and a corporation's "nerve center" interchangeably. *Id*. Furthermore, "principal place of business" refers to "[a] place *within* a State, not the State itself." *Id.* at 79. In consideration of this standard, the Supreme Court has rejected suggestions that "[t]he mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'"*See Id.* at 97 (disposing of the proposition that a 'nerve center' can constitute a "mail drop box, a bare office with a computer, or the location of an annual executive retreat"). Instead, analysis of corporate citizenship for purposes of diversity remains focused on the corporation's headquarters, provided that the headquarters is where the corporation directs, controls and coordinates corporate activities. *Id.* at 92-3.

Finally, and significantly, representations made in annual reports or other documents filed with a secretary of state that indicate the location of a corporate headquarters do not bind a court for purposes of diversity jurisdiction. *See e.g., Harris v. Black Clawson Co*., 961 F.2d 547, 550 (5th Cir. 1992) (holding that representations by corporation in annual reports filed with Louisiana Secretary of State should not influence the determination of a corporation's principal place of business). Furthermore, a few district courts have held that statements made to the Secretary of State of a particular state are *not* binding for purposes of determining where a corporation's principal place of business is located. *See Maday v. Toll Bros., Inc*., 72 F. Supp. 2d 599, 605 (E.D. Va. 1999) (finding corporation's listing of principal place of business in various documents not determinative to a conclusion regarding subject matter jurisdiction); *Gautreau v. Central Gulf S .S*., 255 F. Supp. 615, 616 (E.D.La.1966); *Overton v. Rainbo Baking Co*., 239 F. Supp. 800, 801 (E.D.Tenn.1965).

## Discussion

Because Plaintiff's claim for damages and the issue of Defendant's principal place of business do not implicate elements of the cause of action and are not factually intertwined, *Torres-Negron*, 504 F.3d at 163, I will determine whether subject matter jurisdiction is proper here based on the evidence on record before me.

Here, Plaintiff has failed to satisfy its burden of establishing subject matter jurisdiction in this case. First, by neglecting to demonstrate how Defendant's principal place of business falls outside of Massachusetts, Plaintiff's claim for diversity jurisdiction rests primarily on the existence of public records that list Defendant's "business address" is within the state of Connecticut. However, in focusing on online records that list Defendant's business, Plaintiff directs this Court's attention to matters insignificant to diversity jurisdiction for purposes of 28 U.S.C § 1332.

While recognizing Plaintiff's argument regarding the current listing of Defendant's business address as within Connecticut, this fact is not dispositive to this Court's primary task: determining the location of Defendant's corporate "nerve center." Moreover, Plaintiff has not sufficiently discredited Defendant's averment that its' principal place of business has been located in Massachusetts during the commencement of this action, the only relevant time period for subject matter jurisdiction issues. *See Affidavit of Kyle Traynor*, Docket No. 14-1. Rather, Plaintiff bases its argument that Defendant's principal place of business is located in Connecticut on facts such as Defendant's receipt of demand for payment by certified mail at the Connecticut location. However, the receipt of mail and details of online listings, among other facts relied on by Plaintiff, are not useful in determining the location of Defendant's corporate nerve center. *See Hertz Corp.*, 559 U.S. at 97.

On the record before me, I must determine Defendant's principal place of business by pinpointing the location that Defendant's corporate officers direct, control, and coordinate their company's business activities. *See id*. at 80-81. A review of the record demonstrates that Defendant's President and corporate officers have performed their duties at an office within Massachusetts since November of 2012. Although Defendant directed operations in the past at a Connecticut location, the company vacated this office prior to the commencement of this action. Additionally, Plaintiff provides this Court with no evidence to demonstrate that at the time of filing this suit, the direction, control, and coordination of Defendant's corporate activities took place at any office outside of Massachusetts.

Because at the time of filing, Defendant: 1) directed, controlled, and coordinated corporate activities; 2) maintained business records; and 3) processed all financial transactions within a Massachusetts location, I am satisfied that Defendant's "principal place of business," or "nerve center" is located within Massachusetts for purposes of 28 U.S.C. § 1332. Therefore, the location of both parties' principal place of business within Massachusetts destroys complete diversity and deprives this Court of subject matter jurisdiction here. Accordingly, Defendant's 12(b)(1) motion to dismiss is granted.

## **Conclusion**

The Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 13) is ***granted.***


SO ORDERED.

                */s/ **Timothy S. Hillman***
                TIMOTHY S. HILLMAN
                DISTRICT JUDGE